# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6831 | **DATE** | 10/28/2011 |
| **CASE TITLE** | Magistrelli vs. Magistrelli | | |

**DOCKET ENTRY TEXT**

Before the Court is Plaintiff's emergency motion to amend her complaint and to clarify her jurisdictional statement [7]. For the reasons set forth below, the Court grants in part and denies in part Plaintiff's motion. The Court grants Plaintiff's motion to the extent that it asks the Court to alter or amend its October 5, 2011 order. However, upon further review of Plaintiff's original complaint and her motion to amend her complaint, the Court concludes that Plaintiff has failed to set forth a basis for federal jurisdiction and that any attempt to amend her complaint would be futile. Accordingly, the Court dismisses Plaintiff's original complaint for lack of subject matter jurisdiction and denies Plaintiff's motion to amend her complaint. Plaintiff's case is again dismissed without prejudice, with leave to bring any state law civil claims that she may have in state court, if appropriate.

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

On October 5, 2011, the Court issued an order [6] in which it denied Plaintiff Karol Magistrelli's emergency motion for temporary injunction and her request to transfer venue to this Court, dismissed Plaintiff's case without prejudice for lack of subject matter jurisdiction, and closed the case. The October 5, 2011 order, however, did not specifically address the complaint Plaintiff filed on September 29, 2011. Nor did it specify whether Plaintiff was given leave to amend her complaint to cure its jurisdictional defects. Plaintiff has now filed a motion to amend her complaint and to clarify her jurisdictional statement [7]. The Court construes Plaintiff's motion in part as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) and, out of an abundance of caution, grants the motion insofar as it asks the Court to reconsider its October 5, 2011 order. The Court agrees that further explanation is warranted in regard to the Court's construction of Plaintiff's claims.

The Court first addresses whether Plaintiff's original complaint is properly before this Court. In her complaint, Plaintiff alleges claims under Illinois law, as well as claims under federal criminal law. As the Court stated in its October 5, 2011 order, to proceed in federal court, Plaintiff must demonstrate some basis for original jurisdiction – either diversity jurisdiction or federal question jurisdiction. Plaintiff does not allege any basis for diversity jurisdiction, which requires that Plaintiff and all Defendants be citizens of different states. Instead, she contends that this Court has subject matter jurisdiction under various sections of Title 18 of the United States Code. The problem with this argument, as the Court pointed out previously, is that "private citizens may not file lawsuits under Title 18 of the United States Code," which contains "criminal statutes that may be enforced by the United States and its attorneys only." *Kerr v. Madden*, 2008 WL 2828724, at *1 (W.D. Wis. Apr. 2, 2008) (citing *Maine v. Taylor*, 477 U.S. 131, 136 (1986)); see also *Nelson v. Chertoff*, 2008 WL 4211577, at *4 (N.D. Ill. Sept. 10, 2008) ("It is well settled that criminal statutes generally do not provide for private civil causes of action"). Plaintiff's original complaint, like her emergency motion for a temporary restraining order and her request to transfer venue, fails to set forth a basis for federal jurisdiction.

**STATEMENT**

Plaintiff attempts to clarify her jurisdictional statement in her motion to amend her complaint, but Plaintiff's further elaboration does not cure the jurisdictional defect. Again, Plaintiff alleges that the Defendants have violated a number of federal criminal laws, which Plaintiff herself cannot enforce. Plaintiff in fact stresses that this "case is no mere civil action." [7 at 4.] But all of the claims under Title 18 that Plaintiff references can be prosecuted, if at all, only by the United States Attorney. Because Plaintiff's jurisdictional defects are "clearly incurable," the Court denies Plaintiff's motion to amend her complaint. See *Frey v. E.P.A.*, 270 F.3d 1129, 1131-32 (7th Cir. 2001). Any attempt by Plaintiff to amend her complaint would be futile.

For the reasons set forth above, the Court grants in part and denies in part Plaintiff's motion to amend her complaint and to clarify her jurisdictional statement [7]. Plaintiff's motion is granted as to its request for the Court to alter or amend its October 5, 2011 order. Plaintiff's motion is denied, however, as to its request to file an amended complaint. The Court dismisses Plaintiff's case without prejudice, with leave to bring any state law civil claims that she may have in state court, if appropriate. While the Court's decision is without prejudice on the merits, its order "is conclusive on the jurisdictional question: the plaintiff cannot re-file in federal court." *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004).